Dowket, -Judge,
delivered the opinion of the court.
The plaintiff sues for the value of the use of a steam roller belonging to him, the freight charges paid by him for its return, and expense of repair thereafter made.
The roller was at Camp Lee, near Petersburg, Va., where it had been in use on Government work and was shipped .from that point to Camp. Humphreys, Va,, for use by the Cranford Paving Co., then engaged on Government work at that camp, pursuant to an arrangement for the use of the roller entered into between that company and the plaintiff.
The record is rather indefinite, quite far from satisfactory, as to just what happened after the roller reached the *96 camp, and why. In this connection it may be suggested that the Government’s case, as presented by the record, is made up for the most part of testimony taken by boards appointed to investigate and report on plaintiff’s claim, which testimony can not be accepted by this court for any purpose.
However, it appears that about the 1st of November, 1918, .the roller was taken possession of by officers of the United States then engaged in building roads and similar work for the Government at Camp Humphreys and used upon such work as occasion required from that time until the 29th of September, 1919, on which date it was loaded on a railroad car and consigned, at plaintiff’s direction, to a repair shop at Petersburg, Ya. The plaintiff, at some time not definitely shown, was informed by Mr. Cranford, of the paving company, that the United States, through its officers in charge at Camp Humphreys, had taken possession of the roller, and at times thereafter he saw it in use at the camp. He made no protest against its use or attempt to recover its possession until in J une, 1919, when he requested its return.
The contention of the defendant as against the right of the plaintiff to recover for the use of the roller is that the taking and use of the roller was tortious, and if that view of the matter were justified we would find no occasion for discussion of the question as to the nonliability of the Government, but we can not agree with that view.
We are not permitted to indulge the presumption of an intended wrong on the part of the United States or its officers, but rather, in the absence of circumstances antagonistic thereto, must we indulge the presumption that when the United States took and used plaintiff’s roller, which it thereafter returned to him, it intended to compensate him for the use, and it may be said that this intention on the part of those in authority in the matter fairly appears from the record. If the circumstances do not indicate a tortious taking and use the alternative conclusion must be that from the use there arose an obligation to pay. And it is significant that during all subsequent procedure this obligation was recognized. It may not be entirely inappropriate to say that *97 reading outside of that portion of the record properly before us as a basis for findings there appear other circumstances supporting this conclusion and even justifying the assumption that the value of the use might well have been fixed at a higher rate than that claimed and found.
We do not think it worth while to discuss at length the contention of the defendant that if the plaintiff is entitled to recover for the use of the machine he can only recover for the number of days it was actually used. As a matter of fact 'such a conclusion would practically preclude any recovery, for boards dealing with this claim have been unable, as we would be, to reach a definite conclusion, and their “ estimates ” as to actual days of Use have varied widely. While in the possession of the Government it was presumptively used whenever the Government desired, and for the full time of such possession the plaintiff was deprived of its use.
It is contended in support of the effort to recover the amount of the bill for repairs on the machine after its return, that these repairs and substitutions of new parts were made necessary by the hard and unskillful use to which the machine was subjected, and reliance is had upon the custom prevailing among contractors of requiring the return of such machines, when leased, in as good order as when received, natural wear and tear excepted.
Aside from careless or unskilled usage, we must know that working parts in any such machine will wear and must be renewed. The compensation claimed and awarded for the use of the machine while in the possession of the Government covers natural wear. The machine had been in use for some time at Camp Lee just before it was shipped to Camp Humphreys. It was in the repair shop for approximately five months, the bill both for parts and labor was of such magnitude as to indicate, if legitimate, that the machine had had a thorough overhauling. It was put in such condition that immediately thereafter it commanded a rental of $200 per month. The plaintiff in his testimony does not attempt to say that all of this bill was due to damage to the machine outside of natural wear and tear, and other circum *98 stances refute that idea, nor does he attempt to show how much of the repair bill was due to such damage. If we were to concede, as we do not, that the United States is liable for repairs made necessary by careless or unskillful usage, there is no evidence from which the amount could be . determined, and if there were no other infirmity in the claim that fact alone would preclude a recovery.
We find no basis for a recovery of the freight paid by the plaintiff for the return of the machine to Petersburg. The United States did not get the machine at Petersburg; it was not shipped from that point for the use of the United States; no contract, express or implied, is shown to return it to that point; but it was, so far as appears, returned to the railroad whence it was taken.
We have awarded judgment for the value of the use of the machine for the full time it was in the possession of the Government, and further than that the plaintiff is not entitled to recover.
Judgment for plaintiff in the sum of $1,665.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.